UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ACCOUTREMENTS, LLC, a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GORDON, an individual,<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND CANCELLATION OF TRADEMARK REGISTRATIONS**<br><br>**JURY DEMAND** |

Plaintiff Accoutrements, LLC ("Accoutrements" or "Plaintiff"), for its Complaint against Defendant Christopher Gordon ("Gordon" or "Defendant"), states as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement and for cancellation of U.S. Trademark Reg. Nos. 4,419,081; 4,281,472; 4,505,781; and 4,419,079.

2. There is a real and substantial dispute between Plaintiff and Defendant regarding Plaintiff's right to advertise, promote, distribute, and sell mints whose containers bear the phrase "Honey Badger Mints" (the "Mints"). This is the result of an actual controversy existing between Plaintiff and Defendant as to both the validity of Defendant's purported trademarks and as to whether Plaintiff has infringed any purported intellectual property rights of Defendant by advertising, promoting, distributing, and selling the Mints.

ACCOUTREMENTS, LLC'S
COMPLAINT AND JURY DEMAND             1
Case No._____

FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
(303) 607-3500

US.54740864.01
US.54744294.01

## PARTIES

3. Plaintiff Accoutrements, LLC is a limited liability company organized and existing under the laws of the state of Washington with its principal place of business at 10915 47th Avenue West, Mukilteo, Washington, 98275.

4. On information and belief, Defendant Christopher Gordon—who commonly goes by his alias, "Randall"—is an individual residing in the state of California.

## JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the Lanham Act, 15 U.S.C. §§ 1051 et seq.

6. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367 and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. The Court has jurisdiction over the federal trademark registrations pursuant to 15 U.S.C. § 1119.

7. The exercise of *in personam* jurisdiction over Gordon comports with the laws of the state of Washington and the constitutional requirements of due process because, on information and belief, Gordon and/or his agents and/or licensees transact business and/or offer to transact business within the state of Washington using the alleged HONEY BADGER DON'T CARE trademark. Specifically, Gordon and/or his agents and/or licensees advertise, offer for sale, sell, and distribute products bearing the alleged HONEY BADGER DON'T CARE trademark throughout the United States, including within the state of Washington, through various websites, including Gordon's personal e-commerce website located at *http://randallshoneybadger.com/honey-badger-products/*.

8. Venue is proper in this district under 28 U.S.C. § 1391.

## ACCOUTREMENTS AND THE MINTS

9. Accoutrements is a leading American supplier of gifts and novelties. For over twenty-five years, Accoutrements has provided the world with amazing products that provoke, challenge and entertain through its wholesale and retail operations.

ACCOUTREMENTS, LLC'S
COMPLAINT AND JURY DEMAND                2
Case No._____

FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
(303) 607-3500

US.54740864.01
US.54744294.01

10. One such product is a breath mint, which Accoutrements sells in the colorful, round tin pictured below:



11. The artwork on the label depicted above is original to Accoutrements, and is used solely in connection with the generic mint products contained in the tin.

### DEFENDANT AND HIS PURPORTED TRADEMARKS

12. Defendant is a comedian who, in 2011, published a humorous video containing video footage taken from National Geographic combined with his voiceover narration of the traits of a honey badger to YouTube (the "Video").

13. During the Video, which contains three minutes and twenty-one seconds of narration, Defendant says "Honey Badger Don't Care" twice.

14. The Video "went viral," and Defendant, among others, sought to capitalize on the popularity of the Video by offering various honey badger-related goods for sale on his e-commerce website located at *http://randallshoneybadger.com/honey-badger-products/*.

15. These products include T-Shirts, hats, mugs, and bumper stickers on which the phrase "Honey Badger Don't Care" appears as a slogan and a humorous reference to the Video. For example:

ACCOUTREMENTS, LLC'S
COMPLAINT AND JURY DEMAND         3
Case No._____

FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
(303) 607-3500

US.54740864.01
US.54744294.01

  

16. The phrase "Honey Badger Don't Care" as used on these goods is ornamental and does not function as a source indicator.

17. On information and belief, since the publication of the Video, there have been many different sources of goods bearing the phrase "Honey Badger Don't Care" that have not been licensed by Defendant.

18. Defendant applied to register the phrase "Honey Badger Don't Care" with the United States Patent and Trademark Office for a variety of goods. (*See* U.S. Trademark Application Serial Nos. 85449924, 85449921, and 85447667). These applications were initially denied on the ground that the phrase "Honey Badger Don't Care" is merely ornamental and thus not a source indicator.

19. Defendant eventually succeeded in obtaining federal registrations for "Honey Badger Don't Care" for the following goods and services: Christmas tree ornaments and decorations; talking dolls and plush toys (*see* Reg. No. 4,419,081); mugs (*see* Reg. No. 4,281,472); clothing, namely, t-shirts, tank tops, one piece garment for infants and toddlers; long-sleeve shirts, caps (*see* Reg. No. 4,505,781);s and Audio books in the field of comedy, parody and satire; computer application software for mobile phones, portable media players, handheld computers, namely, software for playing games (see Reg. No. 4,419,079) (collectively, the "Marks").

20. Yet, the specimens of use submitted in conjunction with these trademark registrations confirm that Defendant's use of "Honey Badger Don't Care" is purely ornamental and not as a source indicator:

ACCOUTREMENTS, LLC'S
COMPLAINT AND JURY DEMAND
Case No._____

4

FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
(303) 607-3500

US.54740864.01
US.54744294.01






21. Defendant does not own any federal trademark registrations for the phrase "Honey Badger Don't Care" in connection with any food or beverage related goods, and on information and belief, Defendant has never sold food or beverage-related goods in connection with the phrase "Honey Badger Don't Care."

22. Defendant does not own any federal trademark registrations for the phrase "Honey Badger" standing alone.

### THIRD PARTY REGISTRATION OF THE TRADEMARK HONEY BADGER

23. Numerous third parties own federal trademark registrations for HONEY BADGER as a trademark for different types of goods, as depicted in the chart below:

| Reg. No. | Mark | Goods | Date Registered |
|---|---|---|---|
| 4405727 | HONEY BADGER and design | Wines | September 24, 2013 |
| 4339632 | HONEY BADGER | Condiments, namely, Barbecue sauces, marinades and hot sauces | May 21, 2013 |
| 4273116 | HONEY BADGER | Nutritional supplements…; | January 8, 2013 |

ACCOUTREMENTS, LLC'S
COMPLAINT AND JURY DEMAND
Case No._____

5

FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
(303) 607-3500

US.54740864.01
US.54744294.01

|  |  | dietary supplemental carbonated and non carbonated drinks …; non-alcoholic beverages …. |  |
|---|---|---|---|
| 4210614 | HONEY BADGER | Alcoholic beverages except beers; wines | September 18, 2012 |
| 4112753 | HONEYBADGER | Electronic transmitters for jamming signals | March 13, 2012 |

24. All but one of the HONEY BADGER registrations listed in paragraph 23 are for food or beverage related goods.

25. Moreover, Reg. No. 4,210,614 claims a date of first use before any of Defendant's claimed dates of first use of the Marks.

26. Defendant has no claim to ownership of the HONEY BADGER name alone in connection with the sale of any goods or services, including without limitation, any food or beverage items.

### THE CONTROVERSY BETWEEN THE PARTIES

27. On August 18, 2014, Defendant contacted Accoutrements through his attorneys and accused Accoutrements of trademark infringement and unfair competition under federal and state law. Specifically, Defendant's August 18 letter includes the following assertions and accusations, among others:

- "Gordon is the owner of the well-known trademark 'Honey Badger Don't Care.'"
- "The mark and variations thereof [] are registered with the United States Patent and Trademark Office under the following Registration Numbers: 4,419,079; 4,419,081; 4,281,472; and 4,505,781."
- "[Accoutrements is] advertising, distributing and/or selling merchandise by improperly infringing and trading on the goodwill of Gordon's trademarks."
- "[Accoutrement's] conduct constitutes, among other things, infringement of Gordon's rights in the Mark and unfair competition under federal and state law . . . since it is likely to cause confusion among consumers."

ACCOUTREMENTS, LLC'S
COMPLAINT AND JURY DEMAND          6
Case No._____

FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
(303) 607-3500

US.54740864.01
US.54744294.01

- "Please be advised that applicable federal and state law provides Gordon with a variety of legal remedies and subjects your company to significant exposure. Possible legal remedies include injunctive relief and monetary damages."

28. Defendant's August 18 letter also includes a sweeping, sixteen-part demand against Accoutrements in which Defendant orders Accoutrements to, among other things:

- Cease and desist all use of the Marks.
- Provide an extensive accounting of Accoutrements' activities related to the Mints.
- Pay over to Gordon "an amount to be mutually agreed upon as compensation for any damages he has incurred as a result of [Accoutrement's] actions."

29. Defendant further wrote that unless Accoutrements satisfied these demands, Defendant would "commence litigation against [Plaintiff] without any further notice."

30. Accoutrements responded in an August 19 letter that (1) challenged the validity of the Marks, and (2) informed Gordon that Accoutrements is not infringing any alleged trademark rights Defendant may possess in the Marks.

31. Defendant replied in an August 19 email by reiterating his threat to commence litigation against Accoutrements without further notice if Accoutrements fails to respond to Defendant's demands by August 22, 2014.

32. In view of the foregoing communications, there is a real and substantial dispute between Plaintiff and Defendant regarding Plaintiff's right to advertise, promote, distribute, and sell the Mints. This is the result of an actual controversy existing between Plaintiff and Defendant as to both the validity of the Marks and as to whether Plaintiff has infringed any purported intellectual property rights of Defendant by advertising, promoting, distributing, and selling the Mints.

33. The impending threat of legal action is causing undue uncertainty and harm to Accoutrements' business.

ACCOUTREMENTS, LLC'S
COMPLAINT AND JURY DEMAND                      7
Case No._____

FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
(303) 607-3500

US.54740864.01
US.54744294.01

## FIRST CLAIM FOR RELIEF

## (DECLARATION OF NON-INFRINGEMENT)

34. Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

35. Plaintiff does not infringe any alleged intellectual property rights in Defendant's purported Marks because his purported Marks are invalid as they are merely ornamental and are not distinctive as an indication of source.

36. Plaintiff does not infringe any alleged intellectual property rights in Defendant's purported Marks because Defendant does not own any rights in the HONEY BADGER name by itself as a trademark.

37. Plaintiff does not infringe any alleged intellectual property rights in Defendant's purported Marks because there is no likelihood of confusion, mistake or deception as to the affiliation, connection or association of Plaintiff with Defendant or as to the origin, sponsorship or approval of Plaintiff's goods by Defendant.

38. Plaintiff therefore seeks a declaration from the Court that it does not infringe or otherwise violate any valid and enforceable intellectual property rights of Defendant in the Marks.

## SECOND CLAIM FOR RELIEF

## (CANCELLATION OF FEDERAL TRADEMARK REGISTRATION NOS. 4,419,081; 4,281,472; 4,419,079 AND 4,505,781 — 15 U.S.C. §1119)

39. Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

40. The Court has power to determine the right to registration of the Marks and to rectify the register pursuant to 15 U.S.C. § 1119.

41. Plaintiff is being damaged by Defendant's registrations for HONEY BADGER DON'T CARE because Defendant is relying on these registrations to assert claims of trademark infringement against Plaintiff.

42. Defendant's use of the phrase "Honey Badger Don't Care" in connection with the goods identified in U.S. Trademark Reg. Nos. 4,419,081; 4,281,472; 4,419,079; and 4,505,781 is merely

ACCOUTREMENTS, LLC'S
COMPLAINT AND JURY DEMAND                8
Case No._____

FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
(303) 607-3500

US.54740864.01
US.54744294.01

ornamental, and the phrase is not distinctive as an indication of source of the various goods for which it is registered.

43. As such, "Honey Badger Don't Care" is not a trademark as defined in Section 45 of the Lanham Act and Defendant's registrations for HONEY BADGER DON'T CARE should be cancelled pursuant to Section 14 of the Lanham Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment awarding the following relief:

a) An order declaring that Plaintiff does not infringe any valid and protectable trademark rights of Defendant in the alleged HONEY BADGER DON'T CARE Marks;

b) An order cancelling U.S. Trademark Registration Nos. 4,419,081; 4,281,472; 4,419,079 and 4,505,781;

c) An award of reasonable attorney's fees pursuant to 15 U.S.C. § 1117, as this is an exceptional case, and

d) Such further and other relief as may be just and equitable.

DATED: August 22, 2014

Respectfully submitted,

Marc C. Levy, WSBA No. 19203
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street, Denver, CO
Telephone: 303-607-3618
Facsimile: 303-607-3600
Email: marc.levy@faegrebd.com

*Counsel for Plaintiff*

ACCOUTREMENTS, LLC'S
COMPLAINT AND JURY DEMAND
Case No._____

9

FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
(303) 607-3500

US.54740864.01
US.54744294.01

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Accoutrements, LLC hereby demands trial by jury of all triable issues.

DATED: August 22, 2014

Respectfully submitted,

_____
Marc C. Levy, WSBA No. 19203
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street, Denver, CO
Telephone: 303-607-3618
Facsimile: 303-607-3600
Email: marc.levy@faegrebd.com

*Counsel for Plaintiff*

ACCOUTREMENTS, LLC'S
COMPLAINT AND JURY DEMAND
Case No._____

10

FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
(303) 607-3500

US.54740864.01
US.54744294.01